Filed 7/2/13  P. v. Villalobos CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

    v.

FRANCISCO ANTONIO VILLALOBOS,

    Defendant and Appellant.

F065012

(Super. Ct. No. F11903886)

**OPINION**

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

*    Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

Defendant and appellant Francisco Antonio Villalobos pled no contest to an amended count of violation of Penal Code section 220, subdivision (a), assault with intent to commit rape. The court suspended imposition of sentence and placed defendant on formal probation with a term of incarceration as a condition of probation. This appeal concerns one of the additional conditions of probation imposed by the court.

In its oral imposition of terms of probation, the court stated: "You are not to use or possess or associate with those who use or possess any dangerous drugs or narcotics and not to use or possess any dangerous drugs or narcotics without a lawful prescription. You are to submit to drug testing." This was translated in paragraph 33 of the minute order of the sentencing hearing succinctly, but somewhat inaccurately, as: "Do not use drugs."

Defendant contends the orally imposed condition of probation is unconstitutionally broad in its prohibition of association with anyone who uses or possesses "dangerous drugs or narcotics." He points out that pharmacies and doctors offices stock drugs that might be viewed as dangerous, but that possession and distribution of drugs by those entities are commonplace and lawful. Respondent agrees that a probation condition that forbade a defendant from going to the doctor or to a pharmacy would be overbroad (see *In re Sheena K.* (2007) 40 Cal.4th 875, 890), but respondent contends such a construction of the court's language in this case would be unreasonable. The parties largely agree, however, on the appropriate language that properly and narrowly conveys the condition intended by the trial court.

While we tend to agree with respondent about the reasonable interpretation of the trial court's oral statement, we are concerned that the version of the probation condition in the minute order does not convey this interpretation. Accordingly, we will modify the order for probation set forth in the minute order of April 4, 2012, to delete the entirety of paragraph 33 of that order and to insert a new and different paragraph 33, to read as follows: "Defendant shall not use or possess any dangerous drugs or narcotics without a

2.

lawful prescription.  Defendant shall not knowingly associate with persons who unlawfully use or possess controlled drugs or narcotics.  Defendant shall submit to drug testing as directed by the probation officer."  As modified, the order for probation will be affirmed.

## DISPOSITION

The minute order of April 4, 2012, is modified to delete the entirety of paragraph 33 of that order and to insert a new and different paragraph 33, as follows: "Defendant shall not use or possess any dangerous drugs or narcotics without a lawful prescription.  Defendant shall not knowingly associate with persons who unlawfully use or possess controlled drugs or narcotics.  Defendant shall submit to drug testing as directed by the probation officer."  As modified, the April 4, 2012, order for probation is affirmed.